Gerald Eugene STANO, Petitioner,

v.

Richard L. DUGGER, Secretary, Florida Department of Corrections, Respondent.

No. 88–3375.

United States Court of Appeals, Eleventh Circuit.

May 18, 1988.

Mark E. Olive, Capital Collateral Representative, Lissa J. Gardner, Tallahassee, Fla., for petitioner.

Belle Turner, Asst. Atty. Gen., Daytona Beach, Fla., for respondent.

Before TJOFLAT, FAY and JOHNSON, Circuit Judges.

BY THE COURT:

The petitioner, Gerald Eugene Stano, seeks a certificate of probable cause to appeal from the judgment of the district court, entered earlier today, denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2253 (1982). He also seeks a stay of his execution, which is scheduled to take place tomorrow morning at 7:00.

Stano's petition contains numerous claims for relief. Stano filed his petition in the district court yesterday, after the Supreme Court of Florida refused his application for a writ of habeas corpus and a stay of execution. After it received Stano's petition, the district court convened a hearing to assess the nature of Stano's multiple claims and to receive evidence. At the conclusion of the hearing, which consumed over eight hours, ending at 9:30 this morning, the court, in a 42–page order, denied Stano's petition. The court also denied his application for a certificate of probable cause to appeal and his request for stay of execution.

Stano's petition for a writ of habeas corpus challenges, among other things, the validity of his pleas of guilty to two counts of murder. At the time Stano pled guilty, Stano was indigent and was represented by court-appointed counsel. When the hearing began, counsel made the following statement to the court:

[DEFENSE COUNSEL]: Before proceeding, Your Honor, as I have told Mr. Stano I would do, there are a couple of things I would like to inform the Court about in his presence that might appropriately be made a part of the plea dialogue.

At this time, Your Honor, I have not yet received full discovery from the state with respect to these cases and, therefore, am not prepared to say that I know all of the substantive facts concerning these two killings. The delay has been because much of the materials has not yet been received by the State and [the prosecutor] told me he would like to gather everything up at once and submit it to me rather than in installments. I agreed with that.

THE COURT: So, you're not complaining, you're just stating this for the record.

[DEFENSE COUNSEL]: No, that is not a complaint. I'm just making my position clear in Mr. Stano's presence about the entry of this plea; that is to say, that I am not fully prepared to advise him as to whether the State has sufficient evidence to convict him or not. He is convinced that they do.

I have spoken with [the prosecutor]. I have confidence, certainly, in his integrity and honesty, and he assures me that the State can independently establish the corpus delicti in both of these cases. And Mr. Stano tells me that that is so.

Further, I have asked him about the admissions or confessions that he has made to Detective Paul Crow. And he assures me that those statements were made voluntarily, they were made competently, and intelligently after warning of his rights and that, therefore, there does not exist a good possibility that either of his admissions could be suppressed on a hearing.

He feels that he wants to go forward and enter this plea rather than go through a trial or even a delay at this time.

I have agreed that certainly he has the right to do so, but that he should know, and it should be on the record, that I am not fully prepared at this time as his attorney to advise him with respect to the advisability of a trial or not.

He tells me he does not want a trial.

THE COURT: Okay.

Mr. Stano, do you care to comment on what [defense counsel] has just said?

THE DEFENDANT: No. I believe everything was quite sufficient that he said.

THE COURT: He stated things accurately?

THE DEFENDANT: Yes.

THE COURT: You're in agreement with what he said?

THE DEFENDANT: Yes, sir.

Stano alleges that the foregoing colloquy demonstrates that, at the time he pled guilty, he was, in effect, proceeding without the services of an attorney; in other words, his attorney knew so little about the case as to be incapable of rendering any meaningful service to Stano. This allegation forms the basis of Stano's claim, set forth on page 30 of his petition, that at the time he pled guilty he was proceeding *pro se* "without a knowing, voluntary, and intelligent waiver of counsel."

The district court did not address this claim in its dispositive order. Accordingly, to deny Stano a certificate of probable cause and a stay of execution, we must be prepared to hold that this particular claim does not amount to a "substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). This we cannot do.

Under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), a criminal defendant has a sixth amendment right to proceed *pro se*. But a defendant who seeks to proceed *pro se* does not give up his sixth amendment right to counsel unless he has "knowingly and intelligently" relinquished that right. *Id.* at 835, 95 S.Ct. at 2541 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). The defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'" *Id.*

In evaluating whether a defendant has knowingly and intelligently waived his right to counsel, "[t]he ultimate test is not the trial court's express advice, but rather the defendant's understanding." *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065 (11th Cir.1986). Thus, there need not have been an express examination on the matter by the trial court in order for there to have been a waiver. *Id.* But no waiver can be found unless there are facts which show that the defendant knew and understood that he was relinquishing his sixth amendment right to counsel.

Here, a cogent argument can be made that Stano was proceeding *pro se* when he entered his guilty pleas. Because the trial court did not expressly examine him on the matter, and because we cannot conclude from the record that Stano had waived his right to counsel, we cannot say that this claim is frivolous. At the very least, an evidentiary hearing may be necessary to determine whether Stano made a knowing and intelligent waiver.

For the foregoing reasons, Stano's applications for a certificate of probable cause and for a stay of his execution are

GRANTED.