**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arnold Norman FANT,**
**Defendant–Appellant.**

**No. 89–3109**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 13, 1989.

Ray Dvorak, Asst. Federal Public Defender, Orlando, Fla., for defendant-appellant.

Bruce Hinshelwood, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before VANCE, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

Arnold N. Fant appeals his conviction for armed bank robbery, following a trial by jury during which he represented himself. The appellant's principal contention is that the district court erred by failing to make an appropriate inquiry into whether the defendant's request to proceed pro se was knowing and intelligent.[1] Because we find sufficient evidence in the record to establish that the defendant's election to waive his right to counsel and represent himself was knowing and intelligent, we affirm.

A criminal defendant has a sixth amendment right to waive his right to counsel and proceed pro se as long as the decision is knowing, intelligent, and voluntary. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *Greene v. United States*, 880 F.2d 1299, 1303 (11th Cir.1989); *Harding v. Davis*, 878 F.2d 1341, 1343 (11th Cir.1989). In the Eleventh Circuit, a trial judge must hold a waiver hearing in order to "make the accused aware of the dangers and disadvantages of self-representation and establish a record that the accused 'knows what he is doing and his choice is made with open eyes.'" *Harding*, 878 F.2d at 1343–44 (quoting *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2525); *Strozier v. Newsome*, 871 F.2d 995, 997 (11th Cir.1989); *see Greene*, 880 F.2d at 1303; *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065 (11th Cir. 1986).

The court below failed to conduct a proper hearing.[2] In a summary manner, the court merely warned the defendant of the dangers of proceeding pro se and recommended against it. This is not enough. The "ultimate test is not the trial court's express advice, but rather the defendant's

understanding." *Greene*, 880 F.2d at 1303–04; *Strozier*, 871 F.2d at 998; *Fitzpatrick*, 800 F.2d at 1065. The judge did not direct a single question at the defendant in an effort to ensure that his waiver was knowing, intelligent, and voluntary. Specifically, the trial judge erred in not inquiring into the defendant's background and experience; his knowledge of the nature of the charges against him, possible defenses, and the possible penalty; his understanding of the rules of procedure, evidence, and courtroom decorum; his experience in criminal trials; and whether the waiver was the result of mistreatment or coercion. *See Strozier*, 871 F.2d at 998; *Fitzpatrick*, 800 F.2d at 1066–67.

Nevertheless, the absence of a hearing will not give rise to a sixth amendment violation in those "rare cases [where] the record may support a waiver." *Strozier*, 871 F.2d at 997; *see, e.g., Fitzpatrick*, 800 F.2d at 1065–67. Here, through the fortuity of some statements volunteered by the defendant and elicited by defense counsel, there is sufficient evidence in the record to establish a knowing and intelligent waiver of counsel and election to proceed pro se. *Cf. Greene*, 880 F.2d at 1303; *Stano v. Dugger*, 846 F.2d 1286, 1288 (11th Cir. 1988).

In determining whether a defendant made a knowing and voluntary waiver, the following factors should be considered:

(1) the background, experience and conduct of the defendant including his age, educational background, and his physical and mental health; (2) the extent to which the defendant had contact with lawyers prior to the trial; (3) the defendant's knowledge of the nature of the charges, the possible defenses, and the possible penalty; (4) the defendant's understanding of the rules of procedure, evidence and courtroom decorum; (5) the defendant's experience in criminal trials; (6) whether standby counsel was appointed, and the extent to which he aided the defendant; (7) whether the waiver of counsel was the result of mistreatment or coercion; or (8) whether the defendant

---

1. Defendant's other contentions are meritless.

2. The government, likewise, "concedes that a more searching inquiry should have been conducted by the trial court." Brief for Appellee at 16.

was trying to manipulate the events of the trial.

*Strozier,* 871 F.2d at 998; *see Fitzpatrick,* 800 F.2d at 1065–67.

The record reveals almost nothing about the educational background and experience of the defendant or his knowledge of the nature of the charges, defenses, and penalty. However, sufficient evidence of the other factors can be gleaned from the record to establish a knowing and intelligent waiver. The defendant, for example, indicated that he was aware of the rules of procedure, had studied the law extensively on his own, and had represented himself successfully in a prior criminal trial. The trial transcript indicates that the proceedings were conducted in a decorous and orderly manner and that the defendant's conduct of the trial resulted in very few objections from the government. Additionally, the record reveals that the defendant had been represented by the public defender for more than two months and up until the selection of the jury. Furthermore, standby counsel was appointed by the court to assist the defendant through the course of the trial and did provide some assistance. Finally, there is no contention by the defendant that his waiver was the result of mistreatment or coercion.[3]

█ This case presents another example of the tension between the right to counsel and the right to self-representation. Because the assertion of one necessitates the waiver of the other, it is essential that trial courts carefully create a record that ensures that the decision to proceed pro se is being made knowingly, intelligently, and voluntarily. The importance of this approach is underscored by the fact that a violation of either right is not subject to harmless error analysis. *Strozier,* 871 F.2d at 997; *Chapman v. United States,* 553 F.2d 886 (5th Cir.1977).[4] As this court stated in *Strozier:*

> The clear way to avoid the dilemma created by *Faretta* is for the trial court to conduct a hearing on the record....

The judge should do more than ask *pro forma* questions; he should explain the difficulties inherent in any criminal trial, including the importance of evidentiary rules. By engaging in this inquiry on the record, the trial court will safeguard the right to counsel by ensuring that all waivers are made knowingly and voluntarily. Additionally, the court will safeguard the integrity of the judiciary by removing a defendant's ability to manipulate the system and ensure the reversal of his convictions. Finally, making a record of the waiver hearing will assist in appellate review.... Since a fundamental right is at stake—the right to counsel—trial judges should take the time to inquire into the voluntariness and intelligence of the waiver. Doing so will safeguard the right and protect the judicial system from manipulation.

871 F.2d at 997 n. 4. Because we find sufficient evidence in the record to show that the defendant's waiver of counsel and election to represent himself was knowing and intelligent, the conviction of the defendant is AFFIRMED.

---

**3.** With respect to the eighth factor of the *Strozier/Fitzpatrick* analysis, there is insufficient evidence to determine whether the defendant sought to represent himself for the purpose of trying to manipulate the events of the trial.

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.