**Frank Lee MARSHALL,
Petitioner–Appellant,**

v.

**Richard L. DUGGER,
Respondent–Appellee.**

No. 89–5533.

United States Court of Appeals,
Eleventh Circuit.

March 1, 1991.

Alfredo Garcia, Miami, Fla., for petitioner-appellant.

Robert A. Butterworth, Atty. Gen., Michelle Taylor, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

The appellant, Frank Lee Marshall ("Marshall") appeals an order of the District Court for the Southern District of Florida denying his petition for a writ of habeas corpus. He contends that the state trial court denied him his constitutional right to counsel. Because we agree that Marshall never invoked his sixth amendment right to self-representation and was nevertheless required to stand trial without counsel, we reverse the order of the district court.

## STATEMENT OF THE CASE

After a jury trial in the Florida Circuit Court, the appellant, Frank Lee Marshall, was convicted of armed robbery and aggravated assault. He was sentenced to thirty-five years imprisonment. Marshall appealed his conviction to the Florida Court of Appeal, raising the same issue presented in this petition. The Florida Court of Appeal affirmed Marshall's conviction, and he filed a petition for habeas corpus in the United States District Court for the Southern District of Florida.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts, a United States Magistrate prepared a report on Marshall's petition. The report recommended that the District Court deny the petition. The District Court adopted the Magistrate's findings of fact and denied Marshall's petition. Marshall now appeals that denial.

## STATEMENT OF THE FACTS

Both prior to trial and at the time it commenced on April 12, 1983, Marshall was represented by assistant public defender Thomas Osteen. After the jury was selected, but before the state called its first witness, Osteen informed the court that Marshall wished to discharge him. Marshall explained that he was dissatisfied with Osteen's representation. According to Marshall, he had given Osteen the names of several alibi witnesses approximately a week before the trial, and Osteen had failed to locate any of the people on

Marshall's list. Osteen explained that he had made reasonable efforts to locate these people but had been unsuccessful. The court found that Osteen was "more than qualified" and refused to find good cause for the dismissal.

At that point, the court explained to Marshall that he had three choices: (1) Mr. Osteen could continue to represent him; (2) he could proceed pro se; or (3) he could represent himself with the aid of Mr. Osteen as standby counsel. The court, however, refused to appoint counsel to replace Osteen, and refused to postpone the trial.

Rather than choose any of the options offered, Marshall simply insisted that he did not feel that Osteen was qualified to represent him. At no point in the colloquy did Marshall ever state that he wished to represent himself. He simply repeated his opinion that Osteen was unqualified. The following excerpt from the transcript fairly characterizes Marshall's position throughout the proceeding:

COURT: So, do you want to have Mr. Osteen represent you or do you want to represent yourself?

MARSHALL: Well, I'd like to say, Your Honor, I don't feel that Mr. Osteen is qualified to represent my case.

. . . .

PROSECUTOR: You still want to proceed on your own behalf without any advice from an attorney, from Mr. Osteen?

MARSHALL: I would love to have an attorney but—

PROSECUTOR: That is not the—

MARSHALL: But I don't want Mr. Osteen.

PROSECUTOR: The question is whether or not you want to proceed without the services of Mr. Osteen.

MARSHALL: I don't feel as though Mr. Osteen is qualified to handle my case.

PROSECUTOR: Okay. Then I assume your answer is yes, you don't want Mr. Osteen advising you in any respect; is that correct?

MARSHALL: Right.

In response to a request by the prosecutor to explain to Marshall the drawbacks and disadvantages of proceeding pro se the state court judge simply responded: "I believe that Mr. Marshall pretty much is aware of what it's going to be like to have to represent himself. He is not unfamiliar with the system, shall we say, and obviously it's better to have an attorney than not to have an attorney." The prosecutor himself then proceeded to warn Marshall of some of the dangers of proceeding pro se: "You won't know when it's proper to make an objection or what it is that you can say or what you can't say, and all theses things are governed by certain rules, some of which hopefully I am familiar with [and] you are not familiar with."

Marshall, however, repeated his conclusion that Osteen was unqualified and explained that he did not want Osteen to act as standby counsel. The court made no other inquiry into Marshall's awareness of the dangers of proceeding pro se. Osteen left the courtroom, and the trial proceeded with Marshall representing himself alone.

## DISCUSSION

We hold that the state trial court deprived Marshall of his constitutional right to counsel in violation of the principles enunciated in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and its Eleventh Circuit progeny.

As this court has repeatedly explained, a criminal defendant has both a constitutional right to representation by counsel and a constitutional right to self-representation. To accommodate both of these rights simultaneously, this court has held that the right to counsel "is preeminent over the right to self-representation because the former attaches automatically and must be waived affirmatively to be lost, while the latter does 'not attach unless and until it [i]s *asserted.*' " *Stano v. Dugger*, 921 F.2d 1125, 1143 (11th Cir.1991) (en banc) (quoting *Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir.1986)). Waiver of the right to counsel and invocation of the correlative right to self-representation is no simple matter, however. Two requirements must be met. First, the defendant must "clearly and unequivocally" as-

sert his desire to represent himself thus waiving his right to counsel. Second, the court must determine that the defendant has made this election "knowingly and intelligently." Because we find that Marshall did not "clearly and unequivocally" invoke his right to self representation, we need not consider whether such an election would have been "knowing and intelligent." [1]

█ This court recently explained the requirements for an effective assertion of the right to self-representation in *Stano v. Dugger*, 921 F.2d 1125 (11th Cir.1991) (en banc). There, the court made clear that a defendant must affirmatively state his desire to proceed pro se. "Under the reasonable person standard, the right of self-representation must be manifested to the trial court by an oral or written *request* in order to be recognized and to trigger the requisite examination by the court." *Stano*, 921 F.2d at 1143 (emphasis added). As the examples cited by the *Stano* court make clear, this oral or written request must be an express assertion of the right to self representation. *See Stano*, 921 F.2d at 1143–1144 (citing *Orazio v. Dugger*, 876 F.2d 1508 (11th Cir.1989); *Fitzpatrick v. Wainwright*, 800 F.2d 1057 (11th Cir.1986); *Dorman v. Wainwright*, 798 F.2d 1358 (11th Cir.1986); *United States v. Edwards*, 716 F.2d 822 (11th Cir.1983)). "There simply is no precedent in this circuit for proceeding pro se by constructive notice without an obvious assertion of the right to self-representation." *Stano*, 921 F.2d at 1144 (citing *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir.1990)).

█ In this case, Marshall never clearly stated his desire to proceed pro se. When asked to choose among the three options presented by the court—(1) continue with his appointed counsel, (2) represent himself with the aid of standby counsel, or (3) represent himself alone—Marshall simply rejected representation or standby representation by his appointed counsel. He did not affirmatively choose self-representation.

Under the law of this circuit, Marshall's actions were insufficient to invoke the sixth amendment right of self-representation. There was no "request," written or oral, for self-representation. Thus, the trial court committed reversible error in forcing Marshall to proceed pro se.

We do not, of course, mean to imply that a defendant must use any particular words to invoke the right of self-representation. This court has repeatedly explained that "a defendant does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request." *Stano*, 921 F.2d at 1143 (quoting *Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir. 1986)). It is necessary, however, that the defendant clearly and affirmatively express a desire to represent himself in the proceedings. We find that Marshall expressed no such desire in this case.

## CONCLUSION

We REVERSE the judgment of the district court and instruct it to issue a writ of habeas corpus to the appellant, Frank Lee Marshall, subject to the right of the state of Florida to retry the appellant within a reasonable time in a manner consistent with this opinion.

COX, Circuit Judge, dissenting:

An indigent defendant in a criminal case does not have the right to dismiss a qualified lawyer appointed by the court and demand that a different lawyer be appointed except for good cause. *See Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986); and *United States v. Young*, 482 F.2d 993, 995 (5th

---

1. While we do not formally reach the issue, we note that we would find the evidence insufficient to support the contention that Marshall's waiver was "knowing and intelligent." The trial court made no inquiry into Marshall's understanding of the dangers and disadvantages of proceeding pro se as required under *United*

*States v. Fant*, 890 F.2d 408, 409–410 (11th Cir. 1989) (per curiam). The court made no effort to inform him of these dangers. And, further, there is insufficient evidence in the record to indicate that Marshall might have understood these dangers without instruction by the court.

Cir.1973).[1] In this case, however, that is what Marshall has been permitted to do.

The district court found that after the jury had been sworn and seated for trial, Marshall unreasonably and without just cause dismissed his counsel—literally asking him to leave the courtroom. Marshall did not then and does not now desire to represent himself.[2] He understood enough about the dangers of self-representation to know that he did not want to represent himself, that he was "definitely not qualified" to represent himself, and that it would be a "very bad disadvantage" for him to do so; those were Marshall's words at the time. That is all a defendant needs to know about the dangers of self-representation.

I would affirm the district court's determination that Marshall voluntarily waived his Sixth Amendment right to counsel by unreasonably dismissing his qualified, court-appointed counsel. *See United States v. Moore*, 706 F.2d 538, 540, (5th Cir.) *cert. denied*, 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983) ("a persistent, unreasonable demand for dismissal of counsel and appointment of new counsel ... is the functional equivalent of a knowing and voluntary waiver of counsel").

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. The district court found that by attempting to discharge his attorney, Marshall was actually seeking a continuance.