**UNITED STATES of America**

v.

**Robert DOLLAR, Nancy Kern a/k/a Nancy Dollar**

**No. 3:00–CR–78–J–20A.**

United States District Court, M.D. Florida, Jacksonville Division.

March 21, 2000.

Ronald T. Henry, Assistant United States Attorney, Jacksonville, FL, for the United States.

Robert Dollar, defendant pro se.

Nancy Kern, defendant pro se.

### ORDER

SNYDER, United States Magistrate Judge.

### I. Status

Defendants are charged with violations of the Federal Food, Drug and Cosmetic Act. In that regard, it is alleged, in part, that Defendants "were engaged in the manufacture, promotion, use, and sale of ozone and ozone generators" for the treatment of cancer. Indictment, filed on February 23, 2000, at 2; *see also id.* at 6. Defendants are said to have "sold ozone generators as a system that used autohemotherapy and/or rectal insufflation to deliver ozone to the body." *Id.* at 2. Their initial appearance took place on March 8, 2000. At that hearing, the Court set bond and scheduled a status hearing for March 10, 2000, concerning Defendants' decision regarding counsel.

The task of resolving the counsel issue proved unusually difficult. Over the course of several status hearings, the Court attempted to discern a course both proper under the law and acceptable to Defendants. The undersigned outlined the choices available to each Defendant as 1) hiring a lawyer to represent him or her, 2) having a Court-appointed lawyer undertake such representation in the event he or she could not afford to hire one, or 3) self-representation, possibly with standby counsel. It was made clear Defendants would not be permitted to have a non-lawyer represent them. At the March 15 hearing, the Court was finally able to resolve the matter of how Defendants would proceed with regard to counsel.

### II. Discussion

A defendant possesses the right to represent himself, to proceed *pro se*. Recognition of this right is firmly entrenched in this nation's heritage. In the Colonies, "the basic right of self-representation was never questioned." *Faretta v. California,* 422 U.S. 806, 827–28, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In *Faretta,* the Supreme Court discussed the history of the right to self-representation, and pointed out that, even after the Declaration of Independence, it was viewed as more fundamental than the right to counsel. "The right to counsel was clearly thought to supplement the primary right of the accused to defend himself." *Id.* at 829–30, 95 S.Ct. 2525. The court concluded the right to self-representation achieved constitutional protection in the Sixth Amendment, which "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Id.* at 819, 95 S.Ct. 2525.

The *Faretta* Court was faced with the question of whether "a State may compel a defendant to accept a lawyer he does not want." *Id.* at 833, 95 S.Ct. 2525. It held that under the circumstances before it,

where the defendant had, weeks before trial, clearly, unequivocally and with awareness of the dangers of proceeding *pro se*, declared his desire to represent himself, the trial court had "deprived him of his constitutional right to conduct his own defense." *Id.* at 836, 95 S.Ct. 2525.

█ The Eleventh Circuit, while acknowledging the right to self-representation, "has held that the right to counsel 'is preeminent over the right to self-representation because the former attaches automatically and must be waived affirmatively to be lost, while the latter does "not attach unless and until it [i]s *asserted.*" '" *Marshall v. Dugger,* 925 F.2d 374, 376 (11th Cir.1991) (quoting *Stano v. Dugger,* 921 F.2d 1125, 1143 (11th Cir.1991)) (en banc) (quoting *Dorman v. Wainwright,* 798 F.2d 1358, 1366 (11th Cir.1986)). For invocation of the right to self-representation and waiver of the right to counsel to occur, two requirements need to be met. "First, the defendant must 'clearly and unequivocally' assert his desire to represent himself thus waiving his right to counsel. Second, the court must determine that the defendant has made this election 'knowingly and intelligently.' " *Id.* at 376–77.

█ The right to counsel and the right to self-representation are "mutually exclusive." *Dorman,* 798 F.2d at 1366. Thus, where the right to self-representation is invoked, the right to counsel is necessarily waived. *See United States v. Teague,* 953 F.2d 1525, 1538 (11th Cir.1992) (Birch, J., concurring) (noting invocation of right to self-representation "serves as a waiver" of right to counsel); *Brown v. Wainwright,* 665 F.2d 607, 610 (5th Cir.1982) ("The right of self-representation entails a waiver of the right to counsel...."). For the reasons outlined below, the undersigned finds both Defendants have invoked their right to self-representation and waived their right to counsel.[1]

█ Defendants have indicated repeatedly they wish to be their own spokesperson in Court, sign their own court documents and conduct their own defense. They have consistently rejected the proposition of allowing a lawyer to speak for them and have made unmistakably clear a desire to proceed *pro se* with the nonrepresentational assistance of a lawyer by the name of Mr. William Moore whom they say is admitted to the Middle District Bar.[2] While Defendants have added they do not want to "waive" any of their rights, or that they wish to "reserve" all rights, inquiry by the Court revealed that Defendants merely want to reserve the right to seek legal representation at some later date should they decide they no longer wish to proceed *pro se. See also* Memorandum of Defendant, Nancy Kern, a/k/a Nancy Dollar Regarding Self–Representation or Retaining/Appointing of Counsel; Memorandum of Defendant, Robert Dollar, Regarding Self–Representation or Retaining/Appointing of Counsel (hereinafter referenced together as Memoranda).

At the March 15 hearing, the undersigned conducted a "Faretta inquiry" to ensure Defendants were made aware that self-representation entails many dangers. Examples were provided of ways in which having a lawyer represent them could prove advantageous, and they were strongly advised not to choose self-representation. Additionally, the Court kept in mind the eight factors mentioned in *United States v. Cash,* 47 F.3d 1083, 1088–89 (11th Cir.1995). Defendants are late middle-aged and have each graduated from high school. They have had some contact with lawyers, although not with criminal pro-

---

1. Defendants' decision to waive their right to counsel is also evidenced by documents filed in open court on March 20, 2000. *See* Memorandum of Defendant, Nancy Kern, a/k/a Nancy Dollar Regarding Self–Representation or Retaining/Appointing of Counsel; Memorandum of Defendant, Robert Dollar, Regarding Self–Representation or Retaining/Appointing of Counsel.

2. As the lawyer will not be formally representing Defendants, the Court will refer to his role as that of standby counsel.

ceedings. Defendants were advised of the nature of the charges and penalties and appeared to have a general understanding thereof. They indicated limited familiarity with the rules of evidence and procedure, but understood court proceedings were governed thereby. Mr. Dollar and Ms. Kern testified they had not been coerced into choosing to represent themselves. While there was some suggestion Defendants were attempting to manipulate the proceedings, the undersigned believes their expressed desire to proceed *pro se* with the assistance of standby counsel reflects their genuine convictions. The Court is also convinced Defendants sufficiently understand the disadvantages of acting on their own behalf.

In regard to the role of standby counsel, the Court cautioned Defendants that a single lawyer may not be able to provide assistance to them both without encountering a conflict of interest problem. The Court provided examples of potential difficulties and advised that having two lawyers, one for each Defendant, may be the wiser choice even where standby counsel is concerned.[3]

Notwithstanding Defendants' oral assertions they are not waiving counsel, *but see* Memoranda at 1 (wherein each Defendant states "this Defendant now makes this [his/her] knowing and intelligent waiver of the right to be represented by counsel and asserts [his/her] right to waive the right to counsel and to proceed Pro Se"), the Court concludes Defendants have at this point knowingly, voluntarily, and intelligently waived their right to counsel and invoked their right to self-representation. It is also noted either may later waive the right to proceed *pro se*, either explicitly or by their conduct. *See Brown*, 665 F.2d at 611 ("Even if defendant requests to represent himself, however, the right may be waived

through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether."); *see also Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. 2525 ("[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."). However, any subsequent request for counsel should not delay the trial or other scheduled proceedings.

### *III. Conclusion*[4]

Accordingly, the Court finds on the totality of the record that both Mr. Robert Dollar and Ms. Nancy Kern have clearly, unequivocally, and intelligently invoked their right to self-representation and waived their right to counsel. Either Defendant in the future may retain an attorney to represent him or her. Alternatively, either may request that the Court appoint counsel. However, any such request should be made so as not to delay scheduled proceedings.

---

**3.** Defendants agreed to discuss this matter with Mr. Moore during a meeting they represented would take place on Friday, March 17, 2000. Additionally, by separate notice, the Court is scheduling an inquiry regarding the potential for conflict.

**4.** The parties may seek review of this Order by the District Court judge as to any matter deemed clearly erroneous or contrary to law.