[Cite as *State v. Patterson*, 2020-Ohio-1437.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 5-19-34

    v.

CORNELIUS PATTERSON, JR.,

                                **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2009 CR 218

Judgment Reversed and Cause Remanded

Date of Decision: April 13, 2020

APPEARANCES:

    *W. Alex Smith* for Appellant

    *Phillip A. Riegle* for Appellee

**ZIMMERMAN, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is sua sponte being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-appellant, Cornelius Patterson, Jr., ("Patterson") appeals the August 29, 2019 judgment entry of resentencing of the Hancock County Common Pleas Court. For the reasons that follow, we reverse.

{¶3} On October 27, 2009, the Hancock County Grand Jury indicted Patterson on four criminal counts including: Count One of aggravated murder in violation of R.C. 2903.01(B), an unclassified felony; Count Two of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; Count Three of improperly discharging firearm at or into a habitation in violation of R.C. 2923.161(A)(1), a second-degree felony; and Count Four of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. (Doc. No. 1). The indictment included firearm specifications as to Counts One, Two, and Three under R.C. 2941.145. (*Id.*).

{¶4} The case proceeded to a jury trial on February 8-11 and 14-15, 2011. (Doc. Nos. 165, 170). On February 15, 2011, the jury found Patterson guilty of Counts One, Two, Three, and Four and the specifications as to Counts One, Two,

and Three. (Doc. Nos. 158, 159, 160, 161). The trial court filed its judgment entry of conviction on March 17, 2011. (Doc. No. 170). On April 21, 2011, the trial court sentenced Patterson to 30 years to life in prison as to Count One, a mandatory term of three years in prison as to the firearm specification in Count One, and a four-year prison term as to Count Four for an aggregate prison term of 37 years to life. (Doc. No. 172). For purposes of sentencing, the trial court merged Counts One, Two and Three. (*Id.*). The trial court filed its judgment entry of sentence on April 27, 2011.[1] (*Id.*).

{¶5} On December 26, 2018 and February 14, 2019, Patterson entered his notices of appearance as counsel, pro se, pursuant to *State v. Gibson*, 45 Ohio St.2d 366 (1976) and *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975). (Doc. Nos. 283, 284). Thereafter, Patterson filed motions in the trial court to correct a void judgment and to waive payment of a deposit and the imposition of court costs/fees.[2] (Doc. Nos. 285, 286). The State filed its memorandum in opposition to Patterson's motion to correct a void judgment. (Doc. Nos. 287, 288).

{¶6} The trial court granted Patterson's motion to correct a void judgment and scheduled a video-conferenced-resentencing hearing for June 27, 2019 under

---

[1] This court recited much of the factual and procedural background of this case in previous appeals, and we will not duplicate those efforts here. *See State v. Patterson*, 3d Dist. Hancock No. 05-11-15, 2012-Ohio-2839 and *State v. Patterson*, Case No. 05-18-24, which was voluntarily dismissed on December 20, 2018 upon Patterson's pro-se motion. (Appellee's Brief at 1).

[2] The trial court granted Patterson's motion to waive payment of deposit and imposition of court costs/fees on October 22, 2019. (Doc. No. 308).

Case No. 5-19-34

R.C. 2929.191(C).[3] (Doc. Nos. 290, 291). However, on May 13, 2019, Patterson filed a motion to be personally present for the R.C. 2929.191(C) hearing "and to consult with counsel of giving statement [sic] to impose the postrelease control sanction" which was overruled by the trial court. (Doc. Nos. 292, 293, 298). Thus, the resentencing hearing occurred by video on June 27, 2019.[4] (June 27, 2019 Tr. 1-34); (Doc. No. 312). On August 29, 2019, the trial court journalized its judgment entry of correction of its postrelease control notification.[5] (Doc. No. 298). Patterson filed his notice of appeal on September 25, 2019.[6] (Doc. No. 301). He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Erred By Not Allowing Mr. Patterson to Be Represented by Counsel [sic]**

---

[3] Arrangements were made to permit Patterson to participate in the hearing via video-conference equipment from the Marion Correctional Institution's facility ("MCI"). (*See* Doc. No. 290).

[4] Patterson never explicitly requested the appointment of counsel in his motion. (*See* Doc. No. 292). Rather, he argued that were he not permitted to be physically present he "would be denied the right to privately consult with counsel" in an effort to establish prejudice for his physical-presence claim. (*Id.*). Patterson's prayer's for relief in his motion requested only that the trial court convey him from MCI to Hancock County Common Pleas Court. (Doc. No 292)

[5] Patterson filed a motion for [sic] request of journalization for [sic] the resentencing hearing (video conference) pursuant to R.C. 2929.191 on August 30, 2019 which the trial court overruled on the basis it was moot. (Doc. Nos. 299, 300). (*See* Doc. No. 298).

[6] On the same day, Patterson filed a motion to waive payment of deposit and imposition of court costs/fees on appeal with attached affidavit of indigency and motion for appointment of appellate counsel. (Doc. No. 307). The trial court granted Patterson's request for appointment of appellate counsel on October 22, 2019 (Oct. 22, 2019 JE).

{¶7} In his assignment of error, Patterson argues that the trial court erred by failing to appoint Patterson counsel in open court at the video-conferenced-resentencing hearing.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶9} Here, Patterson was resentenced to correct the trial court's improper-postrelease-control-sanction notification at his original sentencing hearing pursuant to R.C. 2929.191(C). R.C. 2929.191(C) states in its pertinent parts:

> (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of

*rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing.* At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

(Emphasis added.)  R.C. 2929.191(C).

{¶10} Initially, we note that Patterson notified the trial court, *twice*, that he intended to engage in self-representation by virtue of his designations of counsel filed on December 26, 2018 and February 14, 2019.  (Doc. Nos. 283, 284).  After filing his notices of self-representation, he filed a motion to correct a void judgment in the trial court.  (Doc. Nos. 287, 288).  Importantly, Patterson never requested the appointment of counsel in the trial court at any time prior to the resentencing hearing.  (June 27, 2019 Tr. at 7-8); (Doc. No. 312).

{¶11} Here, Patterson argues that he was denied his right to counsel and directs us to the following exchange with the trial court and Patterson that occurred during his resentencing hearing.

[Trial Court]:  And as I indicated in the judgment entry from April 9, 2019, you are not subject to a five-year PRC sanction.  In the event, you would be granted parole you could be subject, however, to an optional three

years of PRC on Count 4, the tampering with evidence.

It is optional because the Department of Corrections is not required to put you on PRC for a felony of the third degree, it's discretionary under the statute. If, however, within the discretion of the Department of Corrections, if they were to decide that you should be placed on PRC, for Count 4, tampering with evidence, they could choose to put you on PRC for as long as three years.

Do you understand that?

[Patterson]: No, I do not.

[Trial Court]: What is it that --

[Patterson]: I'm not understanding. Hold on, hold on, Your Honor.

I don't understand, first and foremost, I don't understand how you can just go and give me a PRC off of my indefinite sentence and then turn around and put it on a regular sentence and make it discretionary, first of all.

-7-

> Second of all, *I completely object to actually having the video court because relying upon Criminal Rule 43, I have a right to be present in open court and I have a right to an attorney of my choosing and I have a right to consult with them privately.*

(Emphasis added.)  (June 27, 2019 Tr. at 6-7); (Doc. No. 312).  Thereafter, Patterson goes on to argue the following:

> [Patterson]:  Plus, relying on *State v. Moore*, this is not considered to be present in open court.  This is a critical stage of my sentencing and I have a right to be present at this point and time now, you have the ability to take PRC of my invalid sentence and yet turn around and resentence me.
>
> That's a critical step because PRC is part of the actual sentence, relying upon a case that is directly out of your courtroom, State versus Todd [sic] (inaudible) and relying on State versus (inaudible), was the Ohio Supreme Court case which clearly states I have a right to not stand alone against the State at any given time in the proceedings.

[Trial Court]: Well, Mr. Patterson, I did receive your objection that you filed to doing this video. I overruled that objection. The statute clearly contemplates that it can be done by video and that Ohio Supreme Court has said that the sentence or a resentencing for PRC, because I have no discretion as to what PRC is imposed, it does not require you to be present. The court can simply do that.

[Patterson]: (Interrupting) That's not true, Your Honor.

[Trial Court]: - - you filed the motion on your own behalf, indicating that you were going to be representing yourself. You did not make a request in advance of this hearing to have an attorney appointed for you. And, again, this is not a hearing that I have discretion over. I don't have a choice about what I advise you of for PRC.

Judge Niemeyer incorrectly ordered five years of PRC because he believe that's what the statute required. You were correct in - -

[Patterson]: Which is true.

(Emphasis sic.) (*Id.* at 7); (*Id.*).

{¶12} The Supreme Court of Ohio has determined "that the right to counsel attaches at a resentencing hearing conducted for the limited purpose of imposing statutorily mandated postrelease control". *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 17. However, that does not end the inquiry, "[w]hile a defendant has a right to counsel, the defendant may also waive that right when the waiver is voluntary, knowing, and intelligent." *State v. Petaway*, 3d Dist. Logan No. 8-05-11, 2006-Ohio-2941, ¶ 8, citing *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus, citing *Faretta*, 422 U.S. at 806, 95 S.Ct. at 2525.

{¶13} "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Gibson* at paragraph two of the syllabus.

> [F]or the defendant's waiver of counsel to be valid "'such waiver must be made with an apprehension of the [nature of the] charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'"

*State v. Owens*, 3d Dist. Allen No. 1-07-66, 2008-Ohio-4161, ¶ 10, quoting *Gibson* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316 (1948).

> However, the United States Supreme Court 'ha[s] not * * * prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must

possess in order to make an intelligent election * * * will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.'

*State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 101, quoting *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379 (2004). Stated differently, "the sufficiency of the trial court's inquiry will depend on the totality of the circumstances * * *." *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 26, citing *City of Akron v. Ragle*, 9th Dist. Summit No. 22137, 2005-Ohio-590, ¶ 11-12. *See State v. Alexander*, 4th Dist. Ross No. 15CA3492, 2016-Ohio-5015, ¶ 4 ("[A]ppellate courts should * * * independently examine the record to determine whether the totality of circumstances demonstrates a knowing, intelligent, and voluntary waiver of the defendant's right to counsel."), citing *State v. Mootispaw*, 4th Dist. Highland No. 09CA33, 2010-Ohio-4772, ¶ 21.

{¶14} In addition, "Crim.R. 44(A) provides that a criminal defendant charged with a serious offense is entitled to counsel 'unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.'" *Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, at ¶ 20, quoting Crim.R. 44(A). Further, "Crim.R. 44(C) provides that '[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in [Crim.R. 22]'" and that "in serious offense cases the waiver shall be in writing." *Id.*, quoting Crim.R. 44(C). Only substantial compliance with

Crim.R. 44(A) is required. *See id.*, quoting *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 39.

{¶15} "As the right to self-representation and the right to counsel are 'two faces of the same coin,' the assertion of one necessarily requires the waiver of the other." *United States v. Pryor*, 842 F.3d 441, 448-449 (6th Cir.2016), citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.1970), quoting *United States v. Plattner*, 330 F.2d 271, 276 (2d Cir.1964). Because the "dangers and disadvantages of self-representation during trial are so substantial," a trial court must make a "searching or formal inquiry" before permitting a waiver of the right to counsel although no such inquiry is required for the correlative waiver of right to self-representation.[7] *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir.2015) (en banc).

{¶16} The important distinction between the two rights comes into play when considering the waiver analysis. *See Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir.1982) (en banc). Unlike the right to counsel, the right of self-representation can be waived by a failure to assert the right. *Id.* at 610-611. "Even if a defendant asserts self-representation, the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request

---

[7] Some courts have justified the lack of inquiry by asserting that the right to counsel "attaches automatically and must be waived affirmatively to be lost, while the [right to self-representation] does 'not attach unless and until it [i]s asserted.'" *Stano v. Dugger*, 921 F.2d 1125, 1143 (11th Cir.1991) (en banc) (second alteration in original), quoting *Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir.1986); *see also Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir.1982) (en banc).

altogether." *Id.* at 611, citing *Chapman v. United States*, 553 F.2d 893, (5th Cir.1977), fn.12, citing *United States v. Bennett*, 539 F.2d 45, 50-51 (10th Cir.1976), *cert. denied*, *Bennet v. United States*, 429 U.S. 925, 97 S.Ct. 327 (1976), *United State v. Mahar*, 550 F.2d 1005 (5th Cir.1977), and *United States v. Montgomery*, 529 F.2d 1404, 1406 (10th Cir.1976), *cert. denied*, *Montgomery v. United States*, 426 U.S. 908, 96 S.Ct. 2231 (1976).

> The right of self-representation, then, is waived if not asserted, while the right to counsel is not. Since the right of self-representation is waived more easily than the right to counsel at the outset, before assertion, it is reasonable to conclude it is more easily waived at a later point, after assertion. * * *. A waiver may be found if it reasonably appears to the trial court that defendant has abandoned his initial request for self-representation * * *.

*Id.* Here, the record reveals that Patterson was abandoning his previously filed notices of self-representation. (*See* June 27, 2019 Tr. at 6-7); (Doc. Nos. 283, 284, 312).

{¶17} Because self-representation entails the waiver of the Sixth Amendment right to counsel, a trial court's evaluation of a defendant's request for self-representation "is fraught with the possibility of error." *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir.1990).

> A trial court can commit reversible constitutional error by either improperly granting a request to proceed pro se—and thereby depriving the individual of his right to counsel—or by denying a proper assertion of the right to represent oneself, and thereby violating *Faretta*.

*Id.*, citing *United States v. Fant*, 890 F.2d 408, 409-410 (11th Cir.1989); *Brown*, 665 F.2d at 610; *Chapman*, 553 F.2d at 892.

> In recognition of the thin line a trial court must traverse in evaluating demands to proceed pro se, and the knowledge that a shrewd litigant can exploit this difficult constitutional arena by making ambiguous self-representation claims or later waiver of self-representation to inject error into the record, an individual must clearly and unequivocally assert the desire to represent himself.

*Id.*, citing *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Fant*, 890 F.2d at 409; *Orazio v. Dugger*, 876 F.2d 1508, 1512 (11th Cir.1989); *Brown*, 665 F.2d at 610.

{¶18} Without counsel, Patterson was in the position of relying upon the trial court's advice regarding the nuances of the limited-resentencing-hearing process. The opportunity to consult with counsel would have been helpful for Patterson to discuss the interpretation of our previous rulings and to navigate the legal terminology being used by the trial court. Thus, the presence of counsel in this instance would not have been superfluous. *See State v. Peace*, 3d Dist. Hancock No. 5-12-04, 2012-Ohio-6118, ¶ 18, (concluding that "the presence of counsel is not superfluous in limited-resentencing hearings conducted to properly impose postrelease control.").

{¶19} We recognize that Patterson bears some responsibility for creating the murkiness of the issue before us by not clearly and unequivocally asserting his Sixth Amendment right to counsel after having previously clearly and unequivocally asserted his right to self-representation. Nevertheless, the trial court should have

-14-

halted the resentencing hearing to inquire and determine whether Patterson had changed his mind (as to self-representation). This not being the case, we agree that Patterson's Sixth Amendment right to counsel was infringed. Consequently, we conclude that Patterson's sentence is contrary to law.

**{¶20}** Accordingly, we sustain Patterson's assignment of error.

**{¶21}** Having found error prejudicial to the appellant herein in the particulars assigned and argued in his assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**