1212

vacated the judgment in these cases and remanded them to the Court of Appeals, the Court expressly based its decision on the possibility that the Tregor Act rendered the cases moot. 461 U. S., at 479. That Act affected only the prospective aspects of the layoffs; it ordered reinstatement of laid-off employees and protected them from similar layoffs in the future. There was no suggestion, either then or now, that the Tregor Act had any effect whatsoever on backpay claims stemming from layoffs in the past. Thus, the backpay claims that petitioners now assert as keeping these cases alive were in the same posture last Term. Had this Court then believed that backpay issues created a controversy in these cases, there would have been no reason to remand them to the Court of Appeals for consideration of the Tregor Act. By remanding the cases, this Court implicitly expressed its view that the backpay claims did not save the cases from being moot. The Court offers no explanation for taking a contrary position now.

III

Because the Court of Appeals properly stayed within the scope of its Article III powers, I would simply deny the petitions for certiorari in these cases. If the Court believes that the Court of Appeals improperly applied the principles of Article III, the Court has a duty to explain why. It is incongruous for the Court simply to remand for further consideration of the mootness issue "in light of" Stotts, because the Court's opinion in Stotts ignored the principles that the Court of Appeals relied upon here. Rather than shedding any light on the mootness issue in these cases, Stotts casts a murky shadow over well-established Article III principles.

No. 83–995. DOUGLAS v. WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. C. A. 11th Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of Waller v. Georgia, 467 U. S. 39 (1984).

No. 83–1037. UNITED STATES v. CROSS. C. A. 11th Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of Hobby v. United States, ante, p. 339.

No. 83–1393. UNITED STATES v. CASSITY ET AL. C. A. 6th Cir. Certiorari granted, judgment vacated, and case remanded