Arthur L. BOSCHEN, New World Construction, Inc., Petitioners–Appellants,

v.

UNITED STATES of America, Respondent–Appellee.

No. 87–3344
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 20, 1988.

Arthur L. Boschen, pro se.

Thomas F. Egan, Asst. Federal Public Defender, Orlando, Fla., for petitioners-appellants.

Robert W. Merkle, U.S. Attorney's Office, Orlando, Fla., Sara Criscitelli, U.S. Dept. of Justice, Ann Arbor, Washington, D.C., for respondent-appellee.

Before HILL, VANCE and CLARK, Circuit Judges.

---

PER CURIAM:

Appellant, Arthur Boschen, was convicted of conspiracy to defraud the United States and filing false statements with the United States in violation of 18 U.S.C. §§ 371, 1001. He was sentenced to three years in prison. Appellant's conviction was upheld on direct appeal. *United States v. White*, 765 F.2d 1469 (11th Cir.1985). He then filed the present motion to vacate his sentence under 28 U.S.C. § 2255, alleging a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), government interference with the defense's access to witnesses, and ineffective assistance of counsel. The district court denied the motion without a hearing. We affirm.

■ Appellant first claims that the government committed a *Brady* violation by failing to turn over exculpatory documents. The documents appellant points to are memoranda by National Aeronautics and Space Administration (NASA) officials regarding the relationship between appellant's firm and the general contractor on the NASA projects. In order to establish a *Brady* violation, a defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different if the evidence had been disclosed. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). As this court found on direct appeal, there was overwhelming evidence that Boschen and his co-defendants submitted inflated proposals to the government. Thus, it is highly unlikely that evidence regarding NASA's knowledge of the specific nature of the contractor-subcontractor relationship would have affected the outcome of the trial. Appellant's allegations are insufficient to establish a *Brady* violation.

■ The second claim raised by appellant is that the prosecution interfered with the defense's access to potential witnesses. Although this issue was raised in the district court prior to trial, appellant did not raise this issue on direct appeal. In order to obtain relief under section 2255 based upon this error, appellant must demonstrate both good cause for the failure to raise the claim earlier and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 166–67, 102 S.Ct. 1584, 1593–94, 71 L.Ed.2d 816 (1982). Appellant has not demonstrated any reason for his failure to raise this claim on direct appeal. He is, therefore, precluded from raising the claim in this collateral proceeding.

Appellant's final claim is that he was denied effective assistance of counsel. In order to establish such a claim, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the outcome would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first shortcoming of counsel which appellant alleges is the failure to object to various portions of the prosecutor's closing argument to the jury. This alleged shortcoming does not establish a claim under *Strickland*. There is simply no indication that the outcome of appellant's trial would have been different if defense counsel had objected to the potentially objectionable portions of the. prosecution's summation.

■ The second shortcoming alleged by appellant is defense counsel's failure to investigate and present a good faith defense. Appellant points to three specific omissions by defense counsel: failure to obtain exculpatory testimony from five witnesses; failure to interview a NASA official; and failure to investigate change orders under the contract. With respect to the first alleged failure, the parties agree that the issue of the defense's access to the witnesses was raised before appellant's trial. Despite the defense's request, the district court declined to order that the witnesses be made available. Given this effort by defense counsel, the failure to obtain testimony from these witnesses certainly does not place counsel's performance below an objective standard of reasonableness. This alleged failure does not establish a grounds for relief under *Strickland*. The remaining two allegations related to the failure to investigate the good faith

defense are similarly insufficient under *Strickland.* Given the overwhelming evidence that appellant submitted inflated proposals to NASA, the remaining two errors, even if true, are not "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Appellant's claim of ineffective assistance of counsel is without merit.

Because the allegations raised in the appellant's motion are insufficient to establish a claim for relief under section 2255, the district court did not err in denying the motion without a hearing. The judgment of the district court is

AFFIRMED.