William Howard CROSS, Sr.,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 88–8883.

United States Court of Appeals,
Eleventh Circuit.

Feb. 7, 1990.

As Amended Feb. 12, 1990.

John C. Swearingen, Jr., Childs & Phillips, P.C., Columbus, Ga., for petitioner-appellant.

Robert L. Barr, Jr., U.S. Atty., James M. Deichert, Sp. Atty., Organized Crime Strike Force, Atlanta, Ga., Mervyn Hamburg, U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before KRAVITCH, Circuit Judge, HILL [*], Senior Circuit Judge, and POINTER [**], Chief District Judge.

KRAVITCH, Circuit Judge:

Appellant, William H. Cross, Sr., was convicted by a jury of various offenses in connection with a conspiracy to import and distribute methaqualone. In this appeal from the district court's denial of Cross's motion to vacate his conviction under 28 U.S.C. § 2255, Cross raises numerous grounds for relief, including the denial of his right to self-representation and ineffective assistance of counsel in failing to object to this and other errors at trial and on direct appeal. Because there is no constitutional right of a defendant to act as co-counsel, we affirm the district court's conclusion that Cross's sixth amendment rights were not violated. We also affirm the district court's summary disposition of the remainder of Cross's claims on the ground that they were waived by Cross's failure to raise them on direct appeal.[1] We decline to excuse Cross's failure to raise these claims on direct appeal because we do not find the necessary prejudice to satisfy the *Strickland*[2] test for constitutionally ineffective assistance of counsel.

## FACTS

The trial evidence revealed that in August 1980, appellant retained attorney Jerry Rylee to form a corporation. In early September 1980, Vernon Seifkes, a coconspirator purportedly acting on behalf of the corporation, made a $30,000 down payment on a $195,000 airplane. When the balance was not received on schedule, the seller notified Rylee and threatened repossession. Rylee notified Seifkes and the appellant of the demand for payment. Subsequently, in the bathroom of an Atlanta restaurant, appellant gave Rylee $10,000 in cash to forward to the seller.

During this period, Seifkes, James Clark, and appellant's son, William Cross, Jr., made preparations to fly the plane to Colombia to obtain a cargo of methaqualone tablets. On the evening of October 16, 1980, appellant met with his son, Seifkes, and Clark at the Cuthbert, Georgia, airport. The four men removed all but two seats from the airplane, installed an auxiliary fuel tank, and fueled the plane. With Seifkes serving as pilot and William Cross, Jr., as passenger the plane departed.

When the airplane returned to the United States the next afternoon, it was pursued by three customs aircraft. Law enforcement officers monitoring the communications between the plane and a radio trans-

---

[*] *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

[**] Honorable Sam C. Pointer, Jr., Chief U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. On direct appeal, Cross raised two issues relating to the alleged discriminatory selection of grand jury foremen in the Middle District of Georgia. The Eleventh Circuit's reversal of his conviction on this ground was vacated and remanded by the Supreme Court for reconsideration in light of *Hobby v. United States,* 468 U.S. 339, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984). Subsequently, this court vacated its former judgment and affirmed the conviction. *United States v. Cross,* 742 F.2d 1279 (11th Cir.1984). Appellant then filed the present motion to vacate pursuant to 28 U.S.C. § 2255 raising thirteen claims of error. While the motion was pending, Cross filed a second § 2255 pleading raising the same issues. The motions were consolidated and the district court denied relief without a hearing. This appeal ensued.

2. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

mitter at appellant's home overheard Seifkes and Cross, Jr. advise appellant that they were being pursued. Appellant told Seifkes to "do the best you can to lose it." Seifkes landed the plane on a crop duster airstrip south of Cuthbert airport and was arrested along with Cross, Jr. Inside the airplane officers found cartons containing 843,000 methaqualone pills. A search of appellant's home revealed instructional manuals for the automatic direction finder equipment found in the seized plane, an aeronautical map of Georgia folded to an area around Cuthbert, and a map of South America folded in a manner focusing upon the Guajira peninsula of Colombia. Appellant's wife advised the officers that it was useless to look for the radio equipment because "it was already gone." Although radio equipment was not found, the officers discovered a coaxial cable leading from a small room in the house to a 75 to 100 foot radio tower.

## DISCUSSION

■ On appeal Cross raises numerous points of error.[3] As an initial matter, this court must determine which claims are properly before it for review.[4] In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors. *Boschen v. United States*, 845 F.2d 921, 922 (11th Cir.1988); *Garland v. United States*, 837 F.2d 1563, 1565 n. 4

(11th Cir.1988) *Parks v. United States*, 832 F.2d 1244, 1245 (11th Cir.1987); *see United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir.1989); *Martorana v. United States*, 873 F.2d 283, 284 (11th Cir.1989); *Lilly v. United States*, 792 F.2d 1541 (11th Cir.1986); *Sanchez v. United States*, 782 F.2d 928, 935 n. 3 (11th Cir.1986). If the requisite cause and prejudice is not shown, we will not review the merits of the appellant's claims even upon a showing of "plain error" on the part of the lower court. *Parks*, 832 F.2d at 1245; *see Greene*, 880 F.2d at 1305.

On direct appeal, Cross challenged only the procedure by which grand jury forepersons were selected and the trial judge's denial of a motion to recuse. None of the claims raised by Cross in his present, collateral appeal were ever brought before this court on direct appeal.[5] Therefore, with the exception of the ineffective assistance of counsel claims, Cross must establish cause and prejudice for his failure to raise these claims previously before we will look to their merits.

■ Appellant contends that his claim that he was deprived of his right to self-representation[6] is not procedurally barred. Cross argues that the cause for his failure to raise this claim on direct appeal is attributable to his attorney. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Orazio v.*

---

3. Cross raises the following points of error: 1) denial of the right to self-representation; 2) ineffective assistance of counsel; 3) violation of the attorney-client privilege; 4) false testimony of Rylee at trial; 5) the prosecutor's improper comment upon appellant's failure to call certain witnesses; 6) use of alibi rebuttal testimony *without prior notice to appellant*; 7) failure to instruct jury on right to disagree; 8) use by trial court of pre-sentence investigation report containing false information; and 9) violation of *fair cross-section requirement in grand and petit juries*.

4. Other issues which were raised before the district court and have *not been asserted on appeal are deemed abandoned*. *Johnson v. Wainwright*, 806 F.2d 1479, 1481 n. 5 (11th Cir.1986), *cert. denied*, 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 157 (1987). These allegations

include the denial of appellant's right to compulsory process for obtaining witnesses on his behalf; a double jeopardy claim; breach of privileged marital communications; an impermissible sentence term; admission of hearsay testimony; refusal of the court to permit appellant to address it prior to sentencing; and various charges of prosecutorial misconduct other than improper comment upon appellant's failure to call certain witnesses at trial.

5. Although Cross, during trial, raised a fair cross-section challenge to the procedure by which the grand and petit jurors were selected, he did not raise this claim in his direct appeal. *United States v. Cross*, 708 F.2d 631, 632 n. 3 (11th Cir.1983), *vacated*, 468 U.S. 1212, 104 S.Ct. 3580, 82 L.Ed.2d 879 (1984).

6. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

*Dugger*, 876 F.2d 1508, 1511 (11th Cir. 1989). Although a defendant generally bears the risk of attorney error that results in a procedural default, such error cannot be attributed to the defendant when counsel's performance is constitutionally ineffective. *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645; *Orazio*, 876 F.2d at 1511.

■ In order to establish that appellate counsel was ineffective for failing to raise the self-representation issue on direct appeal, Cross must show that his attorney's performance was deficient and that the deficiency was prejudicial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Boschen*, 845 F.2d at 922. Deficient performance is that which is objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases. *Strickland*, 466 U.S. at 688; 104 S.Ct. at 2064; *Boschen*, 845 F.2d at 922; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir.1987). Prejudice is established when there is a reasonable probability that the result of the proceedings would have been different had counsel not performed deficiently. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Boschen*, 845 F.2d at 922; *Matire*, 811 F.2d at 1435. Because we conclude that Cross has failed to demonstrate that he was prejudiced by the performance of his trial and appellate counsel we need not address the performance prong of *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Lusk v. Dugger*, 890 F.2d 332 (11th Cir.1989).

A determination of the prejudice prong of the *Strickland* analysis is necessarily dependent on a review of the merits of Cross's *Faretta* claim. *See Matire*, 811 F.2d at 1439 n. 8. If Cross's allegations are insufficient to show a *Faretta* error, then he was not prejudiced by the arguably deficient performance of counsel in failing to raise the issue on appeal. Conversely, if we find that Cross's allegations establish a *Faretta* violation, then we would have to

find appellate counsel's performance prejudicial because it affected the outcome of the appeal. *See Matire*, 811 F.2d at 1439 n. 8; *Lockhart v. McCotter*, 782 F.2d 1275, 1283 (5th Cir.1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987).

■ A trial court's evaluation of an individual's desire to represent himself is fraught with the possibility of error. Because self-representation necessarily entails the waiver of the sixth amendment right to counsel, a trial court can commit reversible constitutional error by either improperly granting a request to proceed pro se—and thereby depriving the individual of his right to counsel—or by denying a proper assertion of the right to represent oneself, and thereby violating *Faretta*. *See United States v. Fant*, 890 F.2d 408, 409–10 (11th Cir.1989); *Brown v. Wainwright*, 665 F.2d 607, 610 (Former 5th Cir.1982) (en banc); *Chapman v. United States*, 553 F.2d 886, 892 (5th Cir.1977).[7] In recognition of the thin line that a district court must traverse in evaluating demands to proceed pro se, and the knowledge that shrewd litigants can exploit this difficult constitutional area by making ambiguous self-representation claims to inject error into the record,[8] this Court has required an individual to clearly and unequivocally assert the desire to represent himself. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *Fant*, 890 F.2d at 409; *Orazio*, 876 F.2d at 1512; *Brown*, 665 F.2d at 610.

■ Additionally, once the right to self-representation has been invoked initially, the trial court must conduct a hearing or engage the defendant in a colloquy to ensure that the defendant's decision is made knowingly, voluntarily, and intelligently. *Fant*, 890 F.2d at 409–410; *Dorman v. Wainwright*, 798 F.2d 1358, 1366 (11th Cir.), *cert. denied*, 480 U.S. 951, 107 S.Ct.

---

7. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

8. *See Tuitt v. Fair*, 822 F.2d 166, 174–75 (1st Cir.), *cert. denied*, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987); *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 16 (2d Cir.1965), *cert. denied*, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966).

1616, 94 L.Ed.2d 801 (1986); *Brown,* 665 F.2d at 610; *United States v. Chaney,* 662 F.2d 1148, 1152 (5th Cir. Unit B 1981). The purpose of this hearing is to reduce the likelihood of constitutional error by eliciting from the defendant and explicitly establishing for the record his awareness of his constitutional rights, his decision to waive the right to counsel, his awareness of the risks of proceeding pro se, and his unambiguous decision to proceed without counsel. *See Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541; *Orazio,* 876 F.2d at 1512; *Dorman,* 798 F.2d at 1366; *Brown,* 665 F.2d at 610; *Chaney,* 662 F.2d at 1152.

Cross is correct that his initial statement to the court, "I want to be allowed to represent myself through this whole trial," is sufficiently clear and unambiguous that the trial court should have held a hearing or engaged in a colloquy to advise Cross of the risks of self-representation and elicit an express waiver of his right to counsel.[9] *See Dorman,* 798 F.2d at 1366 ("[D]efendant does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request. ... [P]etitioner must do no more than state his request ... unambiguously to the court so that no reasonable person can say that the request was not made."). Were this the only evidence on the record, we would be compelled to find reversible error.[10] Here, however, due solely to the fortuity of a dialogue initiated by Cross, there is compelling evidence in the record that Cross desired to act as co-counsel, rather than proceed pro se. *Cf. Tuitt,* 822 F.2d at 168–71 (extended colloquy revealed that defendant was unwilling to waive right to counsel despite initial request seeming to indicate desire to proceed pro se); *Walker v. Loggins,* 608 F.2d 731, 734 (9th Cir.1979) (whole record must establish unequivocal demand for self-representation).

The trial transcript indicates that after Cross seemingly made a request to proceed pro se, he clarified the nature of his request by explaining to the judge: "I'm not talking about getting up and making Motions and everything else,—I'm talking about I would like to address the Jury on the opening statement and talk with the attorney and make statements to the Court and to you, your Honor." It is apparent from this statement that Cross had no intention of waiving his right to counsel and dispensing with the assistance of his attorney. Rather, what he was seeking from the court was permission to act as co-counsel.[11]

This court has held repeatedly that an individual does not have a right to hy-

**9.** Even the most cursory reading of the first pages of the trial transcript reveals an express effort by Cross to represent himself in some capacity. Following the statement by Cross's attorney that Cross wanted to present a portion of the opening statement to the jury, the following colloquy occurs:

> MR. CROSS, SR.: [My attorney] said I wanted to address the Jury on the opening. I want to be allowed to *represent myself through this whole trial.*
> THE COURT: You want what?
> MR. CROSS, SR.: To represent myself.

This request was summarily denied by the trial judge.

**10.** Cross's request was made at the eleventh hour, on the first day of the trial and moments before the beginning of opening statements. Thus, even if Cross had expressed a desire to proceed pro se, the trial court may have had adequate justification to deny the request as untimely. *See Brown,* 665 F.2d at 611; *see also Tuitt,* 822 F.2d at 171–72 (discussing untimeliness of last minute requests to secure substitute counsel); *Urquhart v. Lockhart,* 726 F.2d 1316, 1319 (8th

Cir.1984) (same); *United States v. Llanes,* 374 F.2d 712, 717 (2d Cir.) (same), *cert. denied,* 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967). However, there is no evidence in the record that the trial court denied Cross's request on timeliness grounds.

**11.** Cross's desire to act as co-counsel is further evinced by the fact that he appeared at trial with an attorney and at no time in his colloquy with the judge expressed a desire to dismiss the attorney. Additionally, Cross's attorney initiated the issue by conveying to the court "a request by my client that he be allowed to address the Jury, a portion of my opening statement." This statement supports the inference that Cross had communicated to his attorney a desire to act as co-counsel. *Cross's subsequent restatement of his attorney's request with the clarification that he wanted to represent himself* "through this whole trial" is, therefore, understood in context as a request to participate as co-counsel not only during opening statements but throughout the course of the trial. Cross's subsequent explicit elaboration of his request confirms this interpretation.

brid representation. *Julius v. Johnson,* 755 F.2d 1403, 1403–04 (11th Cir.1985); *United States v. Zielie,* 734 F.2d 1447, 1454 (11th Cir.1984), *cert. denied,* 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985); *Raulerson v. Wainwright,* 732 F.2d 803, 808–09 (11th Cir.), *cert. denied,* 469 U.S. 966, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984); *United States v. Bowdach,* 561 F.2d 1160, 1176 (5th Cir.1977); *United States v. Shea,* 508 F.2d 82, 86 (5th Cir.), *cert. denied,* 423 U.S. 847, 96 S.Ct. 87, 46 L.Ed.2d 69 (1975). Rather, the decision to permit a defendant to proceed as co-counsel rests in the sound discretion of the trial court. *United States v. LaChance,* 817 F.2d 1491, 1498 (11th Cir.), *cert. denied,* 484 U.S. 928, 108 S.Ct. 295, 98 L.Ed.2d 255 (1987); *United States v. Mills,* 704 F.2d 1553, 1557 (11th Cir. 1983), *cert. denied,* 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984). Because there is no constitutional right for a defendant to act as co-counsel, the refusal of the judge to grant Cross's request does not violate the dictates of *Faretta.*

Absent a *Faretta* violation, the failure of Cross's counsel to raise the claim on direct appeal was not prejudicial and, therefore, does not establish constitutionally ineffective assistance of counsel. Moreover, Cross's inability to show a *Strickland* violation undermines his assertion that he had cause for failing to raise his *Faretta* claim on direct appeal.

Appellant's remaining claims do not satisfy the cause and prejudice prerequisites for this court's review of their merits.[12] Even assuming that ineffective assistance of counsel on direct appeal satisfied the cause prong with respect to these claims, any error created certainly did not yield actual prejudice.[13] *See e.g., Frady,* 456 U.S. at 168, 102 S.Ct. at 1594 (declining to address cause prong because of confidence that there was no actual prejudice). In *Frady,* the Supreme Court defined prejudicial error as that which in the context of the entire trial so infused the proceeding that the resulting conviction violates due process. 456 U.S. at 169, 102 S.Ct. at 1595; *see Lilly,* 792 F.2d at 1544; *Keel v. United States,* 585 F.2d 110, 113 (5th Cir.1978) (en banc). The petitioner must show that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady,* 456 U.S. at 170, 102 S.Ct. at 1596. None of appellant's claims approaches this standard.

Because the allegations raised in the appellant's motion are insufficient to establish a claim for relief under section 2255, the district court did not err in denying the motion without a hearing. The judgment of the district court is, therefore, AFFIRMED.

---

**12.** Irrespective of the procedural bar created by appellant's failure to raise these issues on direct appeal, we also find these claims to be meritless.

**13.** Similarly, we find that Cross has failed to establish his claim for constitutionally ineffective assistance of counsel because any deficiencies in representation did not yield the prejudice required to satisfy *Strickland.* 466 U.S. at 687, 104 S.Ct. at 2064.