OPINION AND JOURNAL ENTRY
{¶ 1} Appellant William Bryant asks this court to reopen his appeal pursuant to App.R. 26(B) and State v. Murnahan (1991),63 Ohio St.3d 60, 584 N.E.2d 1204. On May 19, 1999, the Mahoning County Court of Common Pleas entered a judgment of conviction finding Bryant guilty of murder in violation of R.C. 2903.02(A). The trial court sentenced Bryant to fifteen years to life imprisonment. In State v.Bryant (December 4, 2001), 7th Dist. No. 99 CA 135, we affirmed the conviction.
 {¶ 2} On February 22, 2002, Bryant timely filed an application for reopening. In his application, Bryant alleges his appellate counsel was ineffective for failing to raise "a single instance of ineffective assistance of trial counsel."
 {¶ 3} A criminal defendant has the right to the effective assistance of trial counsel, see, e.g., McMann v. Richardson (1970),397 U.S. 759, 770 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763, as well as the right to the effective assistance of appellate counsel on the first appeal as of right. See Evitts v. Lucey (1985), 469 U.S. 387, 396,105 S.Ct. 830, 83 L.Ed.2d 821. Claims of ineffective assistance of appellate counsel cannot be raised in the trial court. Rather, a criminal defendant must raise claims of ineffective assistance of appellate counsel either in an App.R. 26(B) application for reopening in the court of appeals or in a direct appeal to the Ohio Supreme Court. See Murnahan at paragraph two of the syllabus.
 {¶ 4} Before granting an application to reopen, we must first determine whether substantive grounds for relief exist. State v. Dillon
(1995), 74 Ohio St.3d 166, 171, 657 N.E.2d 273, Murnahan, at 66. In making that determination, we "may consider any motions, supporting affidavits, and all the files and records pertaining to the proceedings against the defendant that were originally transmitted to the court of appeals." Dillon at 171. We may not grant an application for reopening based upon a claim of ineffective assistance of counsel unless the applicant demonstrates that a genuine issue exists "as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5); see Murnahan, supra; see, also, State v. Allen (1996),77 Ohio St.3d 172, 173, 672 N.E.2d 638, footnote 1.
 {¶ 5} To determine whether an applicant has demonstrated that a genuine issue exists regarding whether he received effective assistance of appellate counsel, an applicant must present "some evidence" (1) that "counsel's performance was deficient" and (2) that the "deficient performance prejudiced the defense." Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Reed (1996),74 Ohio St.3d 534, 535, 660 N.E.2d 456; see, also, Dillon, at 171; App.R. 26. Moreover, the focus of an App.R. 26(B) application for reopening is on appellate counsel's conduct and not on trial counsel's conduct. See, e.g., State v. Perotti (June 22, 1994), 4th Dist. No. 93 CA 2166.
 {¶ 6} If an applicant establishes that his appellate counsel's conduct was deficient, the applicant then must demonstrate that counsel's deficient performance prejudiced his appeal. To do so, the applicant must show that appellate counsel's deficient performance deprived appellant of an appeal "whose result [was] reliable." Strickland at 687. In determining whether the result of an appeal was reliable, we must first review the merits of the omitted or inadequately presented claim. Reed, supra (citing Cross v. United States (C.A.11, 1990), 893 F.2d 1287,1290). If the neglected claim "would have a reasonable probability of success on appeal, then * * * it is necessary to find `appellate counsel's [deficient] performance prejudicial because it affected the outcome of the appeal.'" Heath v. United States (C.A.11, 1991),941 F.2d 1126, 1132 (quoting Cross, 898 F.2d at 1290).
 {¶ 7} In the present case, Bryant claims he was deprived of the effective assistance of appellate counsel based on various reasons. Mainly, it appears Bryant suggests appellate counsel should have raised as error the ineffectiveness of trial counsel. However, some of Bryant's challenges are not properly categorized as such. For example, Bryant first claims trial counsel was ineffective for failing to object to the prosecutor's comment made during opening statements that "Everyone is entitled to a jury trial no matter how guilty they are." Additionally, Bryant complains the prosecution tried to elicit the sympathy of the jury during closing arguments. These claims would be more properly categorized as prosecutorial misconduct.
 {¶ 8} The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990),51 Ohio St.3d 160, 165, 555 N.E.2d 293. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19,24, 514 N.E.2d 394. Additionally, we must consider whether the alleged misconduct was "an isolated incident in an otherwise properly tried case." Id. A reversal for prosecutorial misconduct is not warranted unless it is clear beyond a reasonable doubt that the outcome of the trial would have been different but for the misconduct. State v. Smith
(1984), 14 Ohio St.3d 13, 15, 470 N.E.2d 883.
 {¶ 9} After weighing all of the evidence presented at trial in Bryant's first appeal, we previously determined the record in this case contained sufficient evidence to prove Bryant purposefully caused the death of Jeanette Thomas. Although we find the prosecution's statement in opening argument to be improper, we cannot conclude the isolated statement resulted in any prejudice to Bryant. Further, we recognize prosecutors should be given considerable latitude during closing arguments. State v.Mauer (1984), 15 Ohio St.3d 239, 269, 473 N.E.2d 768. Bryant has failed to prove the comments made by the prosecution either in opening statements or closing statements had any effect on the outcome of the trial. Therefore we are not swayed by Bryant's arguments regarding the behavior of the prosecution.
 {¶ 10} Bryant next claims trial counsel was ineffective for failing to object to prejudicial testimony elicited from Officer Golec, and failed to raise the inconsistencies of his testimony. Bryant similarly argues trial counsel failed to raise inconsistencies in Dr. Giles testimony. These issues were raised by appellate counsel, albeit not directly, in Bryant's first appeal. More precisely, appellate counsel claimed Bryant's conviction was against the manifest weight of the evidence. That assignment of error required this court to examine the entire record, weigh the evidence and all reasonable inferences and consider the credibility of the witnesses to determine whether, in resolving evidentiary conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Jordan (1992), 73 Ohio App.3d 524, 534,597 N.E.2d 1165. Because we have already addressed the alleged inconsistencies as a part of a review of all the testimony presented at trial as part of our prior manifest weight review, Bryant's claim of ineffective assistance of appellate counsel based on the failure to challenge the credibility of those two witnesses must fail.
 {¶ 11} Bryant next argues trial counsel should have moved to suppress blood samples taken from his sister's home and appellate counsel was ineffective for not raising this issue on appeal. However, we cannot see how the suppression of blood samples would have affected the outcome of Bryant's case. Bryant has at no time challenged the fact he stabbed Jeanette Thomas. Nor has he denied being the cause of her brutal death. His only defense is self-defense. Therefore we cannot see what benefit Bryant would have derived if the blood samples were suppressed. We find this claim to be meritless.
 {¶ 12} Bryant next alleges trial counsel was ineffective for failing to present the trial court with a copy of the transcript of the suppression hearing regarding his statement to the police. We do not see how trial counsel was ineffective for failing to provide the trial court with a transcript of the hearing as he had no duty to do so. However, we will presume what Bryant intended to argue is that appellate counsel was ineffective for failing to provide this court with a copy of the transcript which precluded us from addressing one of Bryant's original assignments of error.
 {¶ 13} Although appellate counsel should be admonished for his failure to file an adequate record in this case, we do not find the playing of Bryant's statement to the police affected the outcome of the trial. Bryant took the stand in his defense and was therefore given the opportunity to present his version of the events leading up to the death of Jeanette Thomas. If anything, we conclude Bryant's testimony at trial justified the jury returning a verdict of guilty.
 {¶ 14} Finally, Bryant claims appellate counsel failed to raise on appeal the failure of the trial court to charge the jury on the issue of self-defense. However, Bryant's claims fail to recognize the trial court did in fact instruct the jury on the affirmative defense of self-defense. Because the trial court properly instructed the jury, Bryant's final claim lacks merit.
 {¶ 15} Thus, is clear that Bryant has not put forth a colorable claim of ineffective assistance of appellate counsel so as to entitle him to a hearing and briefing on his alleged additional assignment of error. Bryant has at no point set forth any support and basis for the claim that his appellate representation was deficient with regard to these assignments of error not raised or arguments not made. Also, Bryant has not shown in any manner that the appellant was prejudiced by any representation on appeal.
 {¶ 16} For all the reasons cited above, appellant's application for reopening is denied.
Vukovich, P.J., Waite, J., and DeGenaro, J., concur.