[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 5, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-10240
Non-Argument Calendar
_____

D. C. Docket No. 04-60192-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD MELVIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 5, 2005)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Edward Melvin appeals his sentence of 100 months imprisonment, imposed

following his guilty plea as to knowingly and intentionally distributing and

possessing with intent to distribute a controlled substance, "crack" cocaine, within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 860. Because Melvin preserved his Booker[1] challenge, the government must show that any constitutional error in the district judge's imposition of sentence was harmless beyond a reasonable doubt. Here, the record does not establish harmless error, and, therefore, we VACATE and REMAND for resentencing.

## I. BACKGROUND

Melvin was charged by indictment with three counts of knowingly and intentionally distributing and possessing with intent to distribute an unspecified quantity of a controlled substance, "crack cocaine," within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 860. He agreed to plead guilty without a written plea agreement, and without admitting to the drug quantities totaling 5.63 grams outlined in the government's factual proffer. R3 at 8-10. The court accepted the guilty plea in light of the government's consent to accept the plea without an admission as to quantity. Id. at 10-11.

The probation officer computed a base offense level of 28, using the drug amounts alleged by the government, but not admitted by Melvin. There were no other enhancements. Melvin was awarded a three-level reduction for timely

---

[1]United States v. Booker, 534 U.S. ___, 125 S. Ct. 738 (2005).

acceptance of responsibility. This yielded a total offense level of 25. The probation officer calculated Melvin's criminal history score at ten points, resulting in a criminal history category of V. Accordingly, Melvin's guidelines range was 100 to 125 months imprisonment.

Melvin challenged the computation of his offense level on the basis of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). R2-28 at 2-3, 10. He argued that Blakely should be applied to the federal sentencing guidelines and that, if it were so applied, his base offense level would be 12, rather than 28, because he had not admitted to the quantity of drugs used in calculating it. Id. at 2. Melvin also objected to the computation of his criminal history score, contending that giving multiple points for a single offense constitutes judicial fact-finding, precluded by Blakely and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Id. at 11.

Melvin argued, alternatively, that he should receive a downward departure pursuant to U.S.S.G. §4A1.3 (2004) because his criminal history was over-represented by the assigned score, and pursuant to U.S.S.G. §5K2.11, because his conduct did not threaten the harm sought to be prevented by the drug statute he had violated. Id. at 12-16. More specifically, he argued that his distribution of drugs within 1,000 feet of a playground was purely inadvertent, because his family's

3

residence (the location from which he distributed the "crack" cocaine) was located near a park with a playground.  Id. at 14-16.[2]

At sentencing, Melvin renewed his Blakely objections and reiterated that "[w]hen the quantities were recited [at the change-of-plea hearing, he had] made no agreements, no admissions, [and] no concessions" regarding any amount of "crack" cocaine.  R4 at 7.  The court overruled Melvin's objections to the base offense level and the criminal history score on the basis of United States v. Reese, 382 F.3d 1308 (11th Cir. 2004),[3] and denied his requests for downward departure. R4 at 10, 22-23.  With regard to the §5K2.11 request, the court concluded that Melvin's offense conduct, selling "crack" cocaine "within [ ] a stone's throw" of a park frequented by children, fell squarely within the harm contemplated by 21 U.S.C. § 860.  R4 at 12, 14.

Melvin also raised a sixth objection, contending that the guidelines as a whole were unconstitutional.  Id. at 7.  The court overruled this objection, again citing Reese, and sentenced Melvin to 100 months imprisonment as to each count,

---

[2]Melvin also objected to the omission of a three-level downward adjustment for acceptance of responsibility.  R2-28 at 12.  The probation officer corrected the calculation to account for this oversight before the sentencing hearing.

[3]In Reese, we held that Blakely did not apply to the federal sentencing guidelines.  Reese, 382 F.3d at 1312.  Following the Supreme Court's further consideration in light of United States v. Booker, 534 U.S.__ , 125 S. Ct. 738 (2005), we vacated Reese's sentence and remanded.  United States v. Reese, 397 F.3d 1337 (11th Cir. 2005).

to be served concurrently, and 6 years supervised release as to each count, also to run concurrently. Id. at 10, 24-25. Melvin now appeals the calculation of his base offense level in light of the unadmitted drug quantities.[4]

## II. DISCUSSION

In United States v. Booker, 534 U.S. \_\_\_, 125 S. Ct. 738 (2005),[5] the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. Id. at \_\_, 125 S. Ct. 755-56. We have explained that a Booker error also results from the district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Because Melvin preserved his Booker challenge in the district court, we review the sentence de novo, but will reverse only if the error was harmful. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). The burden is on the government to show that the error was harmless. To show that a

---

[4]The other issues raised before the court, but not argued in the briefs on appeal are deemed abandoned. See Cross v. United States, 893 F.2d 1287, 1289 n.4 (11th Cir. 1990).

[5] We now review Blakley arguments under Booker.

constitutional error was harmless, the government must demonstrate "beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (per curiam) (citation omitted). To show non-constitutional harmless error, the government is held to a less demanding standard, but must show that, viewing the proceedings in their entirety, the error had no effect or a very slight effect on the sentence. See id. at 1291-92. Here, the government concedes that the record establishes both constitutional and non-constitutional error. We agree.

A sentencing court's determination of drug quantities, if it serves to increase an individual's base offense level under the guidelines, is constitutional error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, __ U.S. __, 125 S. Ct. 2935 (2005). Here, in calculating the base offense level, the court relied on drug quantities that were neither included in the indictment nor admitted by Melvin. The court's determination was based on the government's statements in the change-of-plea colloquy and on the statement of offense contained in the presentence investigation report. R4 at 6. Melvin never agreed to this or any other quantity, and specifically stated that he planned to contest the quantities asserted if it ever became necessary. R3 at 11; R4 at 6-7. Reliance on these quantities in calculating the sentence thus amounted to a constitutional error. Further, the

6

court's treatment of the guidelines as mandatory constitutes statutory error.

The government also concedes that the error here is not harmless. We agree. Where it is unclear whether the court would have imposed the same sentence but for the mandatory guidelines, the government cannot show that the error was harmless beyond a reasonable doubt. See United States v. Davis, 407 F.3d 1269, 1271-72 (11th Cir. 2005) (per curiam).

Here, the court did not indicate that it would have imposed the same sentence if the guidelines had been advisory. During sentencing, it discussed options for a downward departure from the guidelines range, but was unable to find a basis for such departure under U.S.S.G. §§4A1.3 and 5K2.11. R4 at 14, 18, 23. Departures under these sections must be based on factors not necessarily encompassing those considered under 18 U.S.C. §3553(a). The court also stated that it finds "lengthy incarcerated sentences for young men extremely difficult to give," and gave Melvin the lowest sentence permitted in his range. R4 at 23-24. Finally, the court commented that an appeal after Booker might bring a different result. Id. at 23. We cannot say how the court would have sentenced Melvin had it not believed the guidelines were mandatory. Consequently, as it has conceded, the government cannot show the constitutional error was harmless beyond a reasonable

7

doubt.[6]

## III. CONCLUSION

Therefore, because the government cannot meet its burden to show harmless error, we **VACATE** and **REMAND** for resentencing under an advisory guidelines scheme.

---

[6]The same facts would result in a remand under the less stringent test for statutory harmless error. The court specifically told Melvin that its decision was predicated on her being bound by a mandatory sentencing scheme. R4 at 23. Where the district court has indicated a desire to impose a lesser sentence than that mandated by federal guidelines, we have remanded the case. See Shelton, 400 F.3d at 1332-33, 1334. The facts here suggest that the court was concerned with the length of Melvin's sentence. Thus, as the government has conceded, it cannot show the error had only a slight effect on the sentence imposed. See Mathenia, 409 F.3d at 1292.