[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10247
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00115-CR-2-RDP-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN FITZGERALD TANNEHILL,
a.k.a. Eric Fitzgerald Tannehill,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 30, 2008)**

Before ANDERSON, CARNES, and MARCUS, Circuit Judges

PER CURIAM:

Calvin Fitzgerald Tannehill appeals his convictions and sentences for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), possession with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Tannehill was sentenced to 295 months imprisonment. After review, we affirm.

## I.

The Bureau of Alcohol, Tobacco, and Firearms suspected Calvin Fitzgerald Tannehill of dealing drugs and illegally possessing a variety of guns. On March 15, 2007, ATF agents executed a search warrant on Tannehill's residence at 601 Ozark Court in Birmingham, Alabama. In that search, the agents discovered several guns, ammunition, digital scales with cocaine residue on them, and over eleven grams of crack cocaine.

## II.

Tannehill raises three issues on appeal. First, he contends that the district court erred in denying his motion to suppress evidence seized from his residence at 601 Ozark Court. Second, he contends that district court erred in denying his request for a polygraph examination. Third, he challenges the district court's application of a two-level sentencing enhancement for obstruction of justice under

U.S.S.G. § 3C1.1.

**A.**

Tannehill's contention that the district court erred in denying his motion to suppress lacks merit. "Rulings on motions to suppress evidence involve mixed questions of law and fact. We review the factual findings of the district court for clear error and the application of the law to those facts de novo." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (citation omitted). "[W]hen considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the party prevailing in the district court." United States v. Ramirez, 476 F.3d 1231, 1235–36 (11th Cir. 2007), cert. denied, 127 S. Ct. 2924 (2007).

The evidence at issue was seized pursuant to a search warrant. Tannehill argues that the district court erred in finding that probable cause existed to support that search warrant. "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." Brundidge, 170 F.3d at 1352. We give deference to the magistrate court's determination of probable cause. See id.

Here the search warrant was supported by an affidavit from special agent

3

Lamar English. Agent English's affidavit was based on interviews with three reliable confidential informants detailing several instances where Tannehill possessed guns, both on his person and at his residence, and sold crack cocaine. English corroborated that information to some extent by performing surveillance of the Ozark Court residence and obtaining telephonic and faxed confirmation that Tannehill was a convicted felon. Those circumstances justify the district court's finding that the warrant was supported by probable cause. See id. at 1354. Because the search was pursuant to a valid search warrant, Tannehill's motion to suppress the evidence obtained during that search was properly denied.

**B.**

Tannehill's contention that he was improperly denied a polygraph examination also fails. His only request for a polygraph was made in a pro se motion before trial. At a hearing on that motion, the magistrate judge informed Tannehill that he was represented by counsel and refused to allow him to engage in hybrid representation. During the hearing, Tannehill stated that he did not want to proceed pro se and wanted to be represented by his current attorney. The magistrate judge also informed Tannehill that a polygraph examination could not be presented as substantive evidence of his innocence. The magistrate judge then found Tannehill's pro se motion for a polygraph moot and entered an order striking

4

the motion, without objection from Tannehill or his counsel. Neither Tannehill nor his counsel filed another motion requesting a polygraph examination.

We have repeatedly held that an individual does not have a right to hybrid representation. See, e.g., United States v. Cross, 893 F.2d 1287, 1291–92 (11th Cir. 1990). Whether "to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court." United States v. LaChance, 817 F.2d 1491, 1498 (11th Cir. 1987). After reviewing the parties' briefs and the record, we conclude that the magistrate court did not abuse its discretion in refusing to allow Tannehill to act as his own co-counsel. Because Tannehill elected to be represented by counsel, the magistrate court properly struck his pro se motion for a polygraph examination.

## C.

Finally, Tannehill challenges the district court's application of a two-level sentencing enhancement for obstruction of justice. The Sentencing Guidelines provide for a two-level enhancement of the defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. A defendant may obstruct justice by committing perjury. See id. cmt. n.4(b). The Supreme Court has defined perjury

in the context of an obstruction of justice sentencing enhancement as "false testimony concerning a material matter with the willful intent to provide false testimony." United States v. Dunnigan, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116 (1993).

Here the district court found that Tannehill had committed perjury by testifying that he did not commit the crimes for which he was convicted. The district court's "general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." United States v. Lewis, 115 F.3d 1531, 1538 (11th Cir. 1997). "We review for clear error the district court's factual findings necessary for an obstruction of justice enhancement based on perjury." United States v. Gregg, 179 F.3d 1312, 1316 (11th Cir. 1999) (citation omitted).

After review of the record, we conclude that the district court made the proper factual findings. It found, for example, based on a preponderance of the evidence, that "the defendant took the stand [and] categorically denied any participation in the drug transactions in question" and "denied his involvement, categorically and repeatedly" in the relevant events. Because the district court applied the guidelines in an advisory manner, it did not err in "imposing guidelines enhancements based on facts found by the judge by a preponderance of the

6

evidence." United States v. Douglas, 489 F.3d 1117, 1129 (11th Cir. 2007)

(citations omitted).

**AFFIRMED.**