[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2009
THOMAS K. KAHN
CLERK

No. 07-10923
Non-Argument Calendar

_____

D. C. Docket Nos. 05-21807-CV-JEM, 01-01138 CR-JEM

LEONARD BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 29, 2009)

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Leonard Brown appeals the denial of his motion to vacate his conviction for

the attempted possession with intent to distribute 100 kilograms or more of a substance that contained a detectable amount of marijuana. 18 U.S.C. § 2; 21 U.S.C. §§ 841(b)(1)(B), 846; 28 U.S.C. § 2255. We granted a certificate of appealability to resolve "[w]hether the district court erred in denying [Brown]'s claim that his counsel was ineffective for failing to advise him regarding the implications of the career offender provisions of the Sentencing Guidelines." Because Brown failed to prove that he was prejudiced by his counsel's alleged deficient performance, we affirm.

## I. BACKGROUND

Brown was indicted in December 2001 for attempted possession with intent to distribute 100 kilograms or more of a substance with a detectible amount of marijuana. 18 U.S.C. § 2; 21 U.S.C. §§ 841(b)(1)(B)(vii), 846. Although the government was entitled to request an enhancement of Brown's sentence based on a prior controlled substance conviction, see 21 U.S.C. § 851(a)(1), the government offered to waive the enhancement and recommend a sentence of five years of imprisonment in exchange for Brown's plea of guilt. Brown knew that he would receive a minimum sentence of ten years if convicted at trial, see id. § 841(b)(1)(B), but declined the offer to plead guilty. Brown was confident of an acquittal and told codefendant Jack Protzman that he refused to plead guilty

2

because he "was just driving" and "didn't talk to anybody."

A few days before trial and before the government requested the enhancement, Brown told defense counsel David Tucker that he had a second controlled substance conviction. Tucker did not reveal the second conviction to the government because he knew that Brown would then face a minimum sentence of twenty years. See id. Tucker failed to warn Brown that the second conviction exposed him to an enhanced penalty as a career offender. See United States Sentencing Guidelines § 4B1.1(b)(A) (Nov. 2002).

Brown was convicted of attempted possession, and the jury found that Brown attempted to possess at least 100 kilograms of marijuana. Brown admitted his two prior felony convictions to his probation officer. The presentence investigation report listed a base offense level of 37 because Brown was a career offender. See id. With a criminal history category of VI, id. § 4B1.1(b), the report listed a sentencing range between 360 months and life imprisonment.

Brown objected to classification as a career offender and argued that his prior convictions were related and should be treated as one offense under the Sentencing Guidelines. Brown also moved for a downward departure because of his minimal participation in the drug crime. Id. § 4A1.3(b). Brown acknowledged that he could have been sentenced as a career offender if he had pleaded guilty.

At the sentencing hearing, Tucker stated that Brown had volunteered information about his second prior conviction to the probation officer, and the government acknowledged that it had known of only one prior conviction when it requested that the court enhance Brown's sentence. The district court found that a sentence of thirty years was "a lot of time" and granted Brown a downward departure to a criminal history of III on the ground that Brown's status as a career offender overrepresented the seriousness of his criminal history. The district court sentenced Brown at the low end of the guideline range to 262 months of imprisonment.

Tucker filed a notice of appeal for Brown and moved to withdraw from the representation. Tucker asked to withdraw because he expected Brown to file a motion to vacate and argue that Tucker was ineffective for failing to advise Brown that he could receive an enhanced sentence as a career offender. The appeal proceeded and this Court affirmed Brown's conviction. Brown v. United States, No. 04-10281 (11th Cir. Nov. 16, 2004).

Brown moved to vacate his conviction. 28 U.S.C. § 2255. Brown argued that Tucker was ineffective for failing to provide accurate information necessary to evaluate the offer to plead guilty. Brown alleged that Tucker failed to notify him of the career offender provision or of the doubled statutory minimum under section

4

841 and that it was "extremely likely" that he would have pleaded guilty had he known he would face a mandatory minimum sentence of thirty years of imprisonment if convicted at trial. In the first of two affidavits attached to the motion, Brown stated that Tucker did not warn him of the career offender or mandatory minimum enhancements and he did not learn of the provisions until after his conviction. Tucker opined in his affidavit that if he had "correctly and timely advised [Brown] of the applicable sentencing guideline . . . provisions, . . . he may have pled guilty."

At the evidentiary hearing, Tucker testified that he met with Brown several times; they discussed the facts of the case; they had "two or three" discussions about Brown's criminal record; and Tucker advised Brown that he faced a mandatory minimum sentence of ten years because of his prior conviction. Tucker stated that Brown told him about the second conviction before trial and he withheld that information from the government. Tucker testified that he would have counseled Brown differently if he had been aware that Brown would be sentenced as a career offender. Tucker stated that his "approach would have been to convince [Brown] to plead and to cooperate, probably from early on in the case, versus having discussions to insure he fully understood his avenues." Tucker could not affirmatively state that Brown "would have cooperated," but opined that he "would

have pled guilty to avoid the 360-month sentence." On cross-examination, Tucker testified that he had recommended that Brown accept the offer to plead guilty, but that he thought Brown had a "winable case."

Brown testified that he thought he faced a maximum sentence of ten years of imprisonment and, had he known that he would receive a sentence between thirty years and life imprisonment, he would have pleaded guilty. On cross-examination, Brown stated that Tucker never told him that the government made a plea offer and never discussed the plea offer with Brown. Brown also testified that Tucker never discussed the facts of the case and never advised Brown of the consequences of a guilty plea. Brown later acknowledged that he had spoken with Tucker once about a guilty plea and the possible sentences imposed for a plea and after trial. Brown stated that Tucker did not advise him whether to plead or go to trial and he chose the latter option based on Tucker's statements that he would receive a sentence of ten years under either scenario. Brown denied that he had told codefendant Protzman that he wanted to go to trial.

Wyatt testified that he had discussed the offer to plead guilty with Tucker on several occasions, but it had been "evident" early in the proceedings that Tucker believed he could win the case and was not interested in the offer to plead guilty. Wyatt stated that he was not aware of Brown's second drug conviction when he

extended the offer to plead guilty and he could not have made the same offer if he had known that Brown was a career offender. Wyatt testified on cross-examination that his trial notes stated that Tucker had discussed the plea offers with Brown and that Tucker had opined that "Brown would have gone to trial irregardless [sic] of the career offender advice that [Tucker] could have given to him."

The magistrate judge recommended that the district court deny the motion to vacate. The magistrate judge found that Brown and Tucker had refused to entertain the plea offer and Brown had told Tucker that he would have refused to plead guilty even if he had known of the career offender provision. The magistrate judge ruled that Tucker had not been ineffective and Brown had not been prejudiced. The magistrate judge found that Brown would not have pleaded guilty and Brown would have been sentenced as a career offender notwithstanding Tucker's failure to advise Brown about the enhancement.

Brown objected to the recommendation and challenged the factual findings and conclusions of the magistrate judge. Brown argued that both his and Tucker's testimony established that he would have pleaded guilty but for Tucker's failure to advise Brown of the career offender provision and that Wyatt's testimony did not impeach their testimonies. Brown argued that he was prejudiced based on the

7

drastically lower sentence given to his most culpable codefendant.

The district court adopted the recommendation and denied Brown's motion. The district court found that the record contradicted Brown's argument that he would have pleaded guilty if Tucker had advised Brown that he would be sentenced as a career offender if he went to trial. The court noted several inconsistencies in Brown's testimony and credited Tucker's testimony that he had discussed the mandatory minimum ten-year sentence with Brown. The district court found that the testimonies of Brown, Tucker, and Wyatt were "undisputed" that Brown thought he would prevail at trial and Brown never intended to plead guilty. The court also found that Brown failed to offer any evidence to corroborate the allegation that he would have pleaded guilty and, because both Tucker and Wyatt believed Brown could prevail at trial, Brown would not have accepted the offer to plead guilty.

## II. STANDARD OF REVIEW

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error." Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

## III. DISCUSSION

To establish ineffective assistance of counsel, a petitioner must prove that

8

counsel provided deficient representation and that the petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). A petitioner satisfies the prejudice element if he establishes that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686, 104 S. Ct. at 2064. In the context of a guilty plea, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). To establish prejudice after the petitioner has rejected an offer to plead guilty, the petitioner must "establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991); accord Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995).

Brown contends that Tucker made an unprofessional error that prejudiced the outcome of his case. Brown argues that Tucker was ineffective for failing to advise him that he would receive at least a thirty-year sentence as a career offender if he was convicted and for failing to counsel him to accept the offer to plead guilty to five years of imprisonment. Brown argues that, but for Tucker's ineffectiveness,

9

he would have pleaded guilty if he had known of the greater sentence he faced upon conviction at trial. We disagree.

The record supports the finding that Brown failed to establish a reasonable probability that he would have pleaded guilty had he been advised about the punishment he faced. The district court found that Brown believed he would prevail at trial; Brown never considered pleading guilty; and Brown was willing to risk greater punishment for the possibility of an acquittal. The record supports those findings. Both Tucker and Wyatt testified that the government had a weak case and that Brown had refused on several occasions to plead guilty. Tucker opined to Wyatt that Brown would have gone to trial even if he had known he would be sentenced as a career offender. Brown told codefendant Protzman that he would not plead guilty even though he was involved in the drug crime. Based on these facts and several inconsistencies in Brown's testimony, the district court was entitled to find that Brown's testimony that he would have pleaded guilty had he known that he would be sentenced as a career offender lacked credence. See Devine, 520 F.3d at 1287 ("We allot 'substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony.'") (quoting United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003)). The district court did not clearly err by finding that Brown would not have pleaded guilty, and the

10

district court did not err by concluding that Brown was not prejudiced by Tucker's alleged deficient performance.

## IV. CONCLUSION

The denial of Brown's motion to vacate his conviction is **AFFIRMED.**